IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRITTANY GEORGE | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| CHH CARRIER INC. and | § | |
| ABDIRISAAK IBRAHIM | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, BRITTANY GEORGE, (hereinafter referred to as "PLAINTIFF"), and files this her Original Complaint complaining of CHH CARRIER, INC. (hereinafter referred to as "Defendant") and ABDIRISAAK IBRAHIM (hereinafter referred to as "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

**I.
JURISDICTION AND VENUE**

1. This Court possesses jurisdiction in this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas. The Defendant, CHH CARRIER, INC. is a foreign corporation, organized and formed in the State of Minnesota, is not a citizen of Texas and its principle office is in the State of Minnesota. Defendant, ABDIRISAAK IBRAHIM, is not a citizen of Texas and is a citizen of the State of Wisconsin.

2. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

3. The Plaintiff is a resident of Hopkins County, Texas.

4. The Defendant, CHH CARRIER, INC .is a foreign corporation organized and existing under the laws of Wisconsin and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to Defendant's Chief Executive Officer, Cisman Haashi at 2551 38th Avenue NE, Saint Anthony, Minnesota 55421-5542 by certified mail, return receipt requested.

5. Defendant, ABDIRISAAK IBRAHIM, is an individual residing at 2551 38th Avenue NE, Saint Anthony, Minnesota 55421-5542 and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code. Defendant, ABDIRISAAK IBRAHIM, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to ABDIRISAAK IBRAHIM, 2551

38th Avenue NE, Saint Anthony, Minnesota 55421-5542 via certified mail, return receipt requested.

### III.
### FACTUAL ALLEGATIONS

6.      On or about July 17, 2020, Plaintiff, BRITTANY GEORGE, was operating a 2019 Black Jeep Cherokee bearing VIN # 1C4PJLCB4KD114265 and bearing License Plate # TX NHB1571 in a safe and prudent manner traveling Southbound on Cleveland Street when suddenly and without warning a truck tractor and semi trailer operated by the Defendant, ABDIRISAAK IBRAHIM, failed to yield the right of way to Plaintiff's vehicle striking Plaintiff's vehicle. At the time of the collision in question, the Defendant, ABDIRISAAK IBRAHIM, was traveling Eastbound on the Interstate Highway 30 exit ramp through the intersection of Cleveland Street. At the time of the collision in question, the Defendant, ABDIRISAAK IBRAHIM, was driving with permission, in the course and scope of his employment with his employer, Defendant, CHH CARRIER, INC, a 2012 Orange Peterbilt Tractor Trailer bearing VIN # 1XPHDP9X1CD175353 and towing a 2017 White Great Dane Trailer bearing VIN # 1GRAA0629HT614684. Due to the acts of the Defendant driver, including but not limited to, driver inattention, failure to yield the right of way at a stop sign, failure to control his speed, and failure to maintain a proper lookout, Defendant, ABDIRISAAK IBRAHIM, caused the vehicle he was operating to collide with the vehicle Plaintiff was operating. As a result of the collision in question, Plaintiff sustained severe permanent and disabling injuries.

7. At all times relevant to this lawsuit, Defendant, ABDIRISAAK IBRAHIM, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

8. At all times relevant to this lawsuit, Defendant, CHH CARRIER, INC, was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

9. At all times relevant to this lawsuit, Defendant, CHH CARRIER, INC, was a "motor carrier" as defined by 49 U.S.C. §13102(14).

10. At all times relevant to this lawsuit, Defendant, CHH CARRIER, INC, was an "employer" as defined by 49 C.F.R. §390.5.

11. At all times relevant to this lawsuit, Defendant, ABDIRISAAK IBRAHIM, was an "employee" of Defendant, CHH CARRIER, INC, as per 49 C.F.R. §390.5.

12. Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, ABDIRISAAK IBRAHIM, was an employee of Defendant, CHH CARRIER, INC, and operating a commercial motor vehicle on behalf of Defendant, CHH CARRIER, INC, under and by the authority of Defendant, CHH CARRIER, INC, pursuant to Defendant, CHH CARRIER, INC's, Federal DOT Number 02552369.

## IV.
## CAUSE OF ACTION:  DEFENDANT ABDIRISAAK IBRAHIM

13. Plaintiffs incorporate by reference paragraphs 1 through 12 above.

14. Plaintiff alleges that Defendant, ABDIRISAAK IBRAHIM, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant:

    a. In negligently operating the vehicle in question;

    b. In failing to maintain a proper lookout;

    c. In failing to apply his brakes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    d. In attempting to enter the roadway when it was unsafe to do so;

    e. In traveling at an excessive rate of speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    f. In failing to control the speed of his vehicle.

    g. In engaging in conduct that was distracting;

    h. In failing to yield the right-of-way to Plaintiff's vehicle;

    i. In failing to yield the right of way at a stop sign;

    j. In failing to stop at the stop sign;

    k. In failing to yield at a stop sign;

    l. In running into Plaintiff with the vehicle in question;

    m. Defendant was negligent in other respects.

**15.** Defendant, ABDIRISAAK IBRAHIM'S acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se. In this regard, Defendant, ABDIRISAAK IBRAHIM, violated the standards of conduct set forth in Tex. Trans. Code §545.351 (b)(1), 545.155, 545.256, 545.402, 545.153, and 49 C.F.R. §392.2. Plaintiff further states that the Defendant, ABDIRISAAK IBRAHIM's acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

## V.
## CAUSE OF ACTION: DEFENDANT CHH CARRIER, INC.

16. Plaintiff incorporates by reference paragraphs 1 through 15 above.

## VI.
## RESPONDEAT SUPERIOR

17. Plaintiff would further show that at the time of the accident made the basis of this lawsuit, Defendant, ABDIRISAAK IBRAHIM, was an employee of Defendant, CHH CARRIER, INC and acting within the course and scope of his employment for Defendant, CHH CARRIER, INC and in the furtherance of the business interest and pursuits of said Defendant. In this regard, Plaintiff hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendant, CHH CARRIER, INC is imputed to Defendant, ABDIRISAAK IBRAHIM and Defendant, CHH CARRIER, INC, is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

18. Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, ABDIRISAAK IBRAHIM, was, and is considered a statutory employee of Defendant, CHH CARRIER, INC, pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, CHH CARRIER, INC is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

## VII.
## PERMISSIVE USE

19. Plaintiffs would further show that prior to the time the collision occurred, Defendant, CHH CARRIER, INC was the owner and was in possession, custody and control

of the truck tractor driven by Defendant, ABDIRISAAK IBRAHIM, on the date of the accident made the basis of this lawsuit.  On or about July 17, 2020, Defendant, CHH CARRIER, INC directed Defendant, ABDIRISAAK IBRAHIM, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, ABDIRISAAK IBRAHIM, operated said vehicle with the knowledge, consent and permission of Defendant, CHH CARRIER, INC.

## VIII.
## NEGLIGENT AND GROSS NEGLIGENT ENTRUSTMENT

20.     Plaintiff would further show that Defendant, CHH CARRIER, INC, was the owner of the vehicle that was being driven by Defendant, ABDIRISAAK IBRAHIM, at the time of the accident made the basis of this lawsuit.  Defendant, CHH CARRIER, INC, was negligent in entrusting the vehicle to Defendant, ABDIRISAAK IBRAHIM, who was a careless, incompetent and reckless driver.  Defendant, CHH CARRIER, INC knew or should have known that Defendant, ABDIRISAAK IBRAHIM, was a careless, incompetent and reckless driver.  Defendant, CHH CARRIER, INC was negligent in entrusting the vehicle to its employee, Defendant, ABDIRISAAK IBRAHIM, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

## IX.
## NEGLIGENT AND GROSS NEGLIGENT
## HIRING, RETENTION, TRAINING AND CONTROL

21.     Plaintiff further alleges that Defendant, CHH CARRIER, INC through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiff's resulting injuries and damages were proximately caused by

one or more of the following acts of negligence on the part of Defendant, CHH CARRIER, INC:

   a. In hiring and/or retaining its employee driver;

   b. In allowing its employee to drive the vehicle in question; and

   c. In failing to instruct, supervise, and control its employee driver.

## X.
## MALICE

22.     Plaintiff further alleges that Defendant, CHH CARRIER, INC by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## XI.
## DAMAGES

23. Plaintiff, BRITTANY GEORGE, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

24. Plaintiff respectfully requests a trial by jury on all issues.

25. Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

> Respectfully submitted,
> s/*Jimmy M. Negem, Sr.*
> Jimmy M. Negem, Sr.
> State Bar No. 14865500
> Joe M. Worthington
> State Bar No. 22009950
> Jimmy M. Negem, Jr.
> State Bar No. 24115371
> Negem & Worthington
> 1828 ESE Loop 323, Suite R – 1A
> Tyler, Texas 75701
> 903.595.4466 (telephone)
> 903.593.3266 (facsimile)
> Jimmy@NegemLaw.com
> **ATTORNEYS FOR PLAINTIFF**